*Marian F. Harrison*
Marian F. Harrison
US Bankruptcy Judge

Dated: 04/26/10



IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CHRISTOPHER I. BURGESS, | ) CASE NO. 310-02023 |
| | ) CHAPTER 7 |
| Debtor. | ) |
| | ) JUDGE MARIAN F. HARRISON |
| | ) |

_____

**MEMORANDUM OPINION**
_____

This matter is before the Court upon Retro Space, LLC's (hereinafter "Retro Space") motion for relief from the automatic stay to continue state court litigation against Bicyclette, LLC (hereinafter "Bicyclette") for breach of a lease agreement. The Chapter 7 Trustee opposes the motion, asserting that the stay applicable to the debtor should be extended to prohibit actions against Bicyclette because its membership interests are owned entirely by the debtor.

For the following reasons, the Court finds that Retro Space is entitled to pursue its state court litigation against Bicyclette.

Pursuant to 11 U.S.C. § 362(a)(1), a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the ***debtor***." (Emphasis added.) Bicyclette is not the debtor, and therefore, the stay does not protect it. Clearly, the stay is not extended to non-debtor entities, including limited liability corporations. However, under unusual circumstances, the Court can extend the stay to a non-debtor entity. *See* 11 U.S.C. § 105(a); ***Saleh v. Bank of Am., N.A. (In re Saleh)***, ___ B.R. ___, 2010 WL 1289112, *4 (Bankr. S.D. Ohio April 6, 2010) (citation omitted) (granting injunction under 11 U.S.C. § 105(a) to prevent action against a non-debtor is radical measure which may only be allowed in unusual circumstances); ***Am. Imaging Servs. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.),*** 963 F.2d 855, 861 (6th Cir. 1992) (citation omitted) ("'unusual circumstance' arises where . . . 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor'").

Here, the debtor's 100% membership interest in Bicyclette was scheduled as property of the estate. In determining whether this fact creates an identity between the debtor and Bicyclette that warrants special treatment, the Court looks to state law. The Tennessee Limited Liability Company Act provides:

Case 3:10-bk-02023    Doc 21    Filed 04/26/10    Entered 04/26/10 15:04:51    Desc Main
Document      Page 2 of 5

> A membership interest in an LLC is personal property. A member has no interest in specific LLC property. All property transferred to or acquired by an LLC is property of the LLC itself.

T.C.A. § 48-215-101(a).

Thus, under Tennessee law, the debtor's membership interest in Bicyclette is an intangible right of ownership and does not provide the debtor with an interest in Bicyclette's specific property. *See In re Calhoun,* 312 B.R. 380, 384 (Bankr. N.D. Iowa 2004) (citations omitted) ("debtor's property interest in a corporation or an LLC is narrowly confined to the intangible rights represented by the stock certificate or other ownership documentation"). In exchange, with few exceptions, the debtor "does not have any personal obligation and is not otherwise personally liable for the acts, debts, liabilities, or obligations of the LLC." T.C.A. § 48-217-101(a)(1).[1] The purpose of setting up a limited liability corporation is to limit personal liability. Allowing the stay to be extended to a non-debtor limited liability corporation "not only deprives a creditor of the benefits of its bargain, but also 'permits the nondebtor party to receive a major benefit of the bankruptcy process without having to be subject to any of its burdens and safeguards.'" *In re Saleh,* ___ B.R. ___, 2010 WL 1289112, *5 (quoting *In re Nat'l Staffing Servs., LLC,* 338 B.R. 35, 37 (Bankr. N.D. Ohio 2005)) (Chapter 13 case).

---

[1]Evidently, the debtor is liable for this debt as a guarantor, but this is different from personal liability based on membership in a limited liability corporation.

Therefore, to hold that a judgment against Bicyclette is the same as a judgment against the debtor would be contrary to the principles of limited liability as set out in the Tennessee Limited Liability Company Act. *See also In re Calhoun*, 312 B.R. 380, 384 ("case was filed as individual petition, and as such the filing of the petition has no effect on the property or the debts of the LLCs").

The Court understands and appreciates the Chapter 7 Trustee's pragmatic concerns regarding further administrative expenses that will be incurred if Bicyclette is forced to file its own bankruptcy petition. However, a limited liability corporation is still a separate entity from the debtor, and in bankruptcy, "[t]he separate legal existence of a corporation is respected." *In re Calhoun,* 312 B.R. 380, 384 (citation omitted). The automatic stay simply "does not stay actions against separate entities associated with the debtor." *Id.* To allow a separate entity that has not filed for bankruptcy protection to be protected by the debtor's bankruptcy goes against the Bankruptcy Code and state law.

Accordingly, the Court finds that Retro Space's state court action against Bicyclette is not covered by the automatic stay unless Bicyclette files for bankruptcy protection, and the Court declines to apply 11 U.S.C. § 105(a) to extend the protections of the automatic stay to a non-debtor under these circumstances.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.